**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                            Case No. 8:03-CR-73-T-30TGW

**LARRY COBURN**

_____/

## ORDER

**THIS CAUSE** came on to be considered upon the following Motions:

1. Defendant's Petition Seeking Leave to Adopt and or Incorporate by Reference the Claims of Selective Enforcement and Prosecution Under the Capable of Repetition, Yet Evading Review Doctrine and to File in Support Thereof a Memorandum of Law and Appendices (Dkt. #40) filed on November 9, 2006;

2. Defendant's Federal Question Presenting a Case or Controversy and Review Sought Under the Capable of Repetition, Yet Evading Review Doctrine with Memorandum of Law in Support of Claims Raised (Dkt. #41) filed on November 9, 2006;

3. Defendant's "Class Certification of Action" (Dkt. #42) filed on November 15, 2006; and

4. Defendant's "Judicial Notice of Cause and Pleadings" (Dkt. #43) filed on November 15, 2006.

A review of the file indicates that Defendant was sentenced in this cause on October 2, 2003. Judgment (Dkt. #30) was entered on October 6, 2003. The Government filed a

Motion to correct the Defendant's sentencing on October 7, 2003, which the Court granted via an Order (Dkt. #32) entered on October 8, 2003. The Defendant was resentenced on October 8, 2003. An Amended Judgment (Dkt. #34) was entered on **October 9, 2003.**

Defendant had ten (10) days from the date the Amended Judgment was entered to file a Notice of Appeal with the Eleventh Circuit Court of Appeals, i.e. the Defendant would have had to file a Notice of Appeal no later than October 19, 2003. Defendant did not file an appeal.

The Court has no jurisdiction to entertain the motions filed by Defendant unless the Court construes the motions as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. There are two problems in this regard. First, a petitioner must include all claims in their §2255 motion and it is unclear to the Court whether the Defendant may have additional claims to raise in his one allowed §2255 motion.

Second, a petitioner has one (1) year from the end of his appeal period within which to file a §2255 motion. Defendant's appeal period ran on October 19, 2003, and his one (1) year period within which to file a §2255 motion expired on October 9, 2004. Therefore, Defendant is time-barred from filing a §2255 motion unless he can show good cause for his failure to timely file the motion and show actual prejudice, neither of which have been shown in the pleadings before the Court.

Accordingly, the Court will strike Defendant's pleadings. Defendant is granted thirty (30) days from the date of this Order within which to file an amended §2255 motion if he wishes, but in that event, he must show good cause AND actual prejudice to overcome the time bar.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Petition Seeking Leave to Adopt and or Incorporate by Reference the Claims of Selective Enforcement and Prosecution Under the Capable of Repetition, Yet Evading Review Doctrine and to File in Support Thereof a Memorandum of Law and Appendices (Dkt. #40) is **STRICKEN**.

2. Defendant's Federal Question Presenting a Case or Controversy and Review Sought Under the Capable of Repetition, Yet Evading Review Doctrine with Memorandum of Law in Support of Claims Raised (Dkt. #41) is **STRICKEN**.

3. Defendant's "Class Certification of Action" (Dkt. #42) is **STRICKEN**.

4. Defendant's "Judicial Notice of Cause and Pleadings" (Dkt. #43) is **STRICKEN**.

5. Defendant is granted thirty (30) days from the date of this Order within which to file an amended §2255 motion if he wishes, but in that event, he must show good cause AND actual prejudice to overcome the time bar.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2003\03-cr-73.deny 40.wpd