UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY COBURN,

    Petitioner,

v.                                            CASE NO: 8:03-cr-73-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's "Motion Seeking Liberal Construction Pursuant to Haines v. Kerner, 404 US 519 (1972) in Order to Comply with the Court's Order of November 20, 2006 Instructing Petitioner to File Amended §2255" (Dkt. #47), which the Court has treated as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §§§2255. After considering Petitioner's Motion, the Court concludes that it is apparent from the record that Petitioner is not entitled to relief. The Government, therefore, will not be directed to respond to the petition. 28 U.S.C. §§§2243.

### BACKGROUND

Petitioner, Larry Coburn (hereinafter "Petitioner"), pled guilty to possession with intent to distribute five grams or more of a mixture or substance which contains cocaine base (crack cocaine), in violation of 21 U.S.C. §§§841(a)(1) and §841(b)(1)(B)(iii) (Count One), possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. §§§841(a)(1) and §841(b)(1)(C) (Count Two), and possession with intent to distribute a

quantity of crack cocaine, in violation of 21 U.S.C. § § §841(a)(1) and §841(b)(1)(C) (Count Three).  On October 2, 2003, he was sentenced as to Counts One, Two, and Three to 103 months imprisonment to run concurrently, 60 months supervised release to run concurrently, 500 hours of a drug treatment program, and a special assessment of $300.  Petitioner was resentenced on October 8, 2003, after the Court granted the Government's Emergency Motion to Correct Defendant's Sentencing Pursuant to Fed. R. Crim. P. 35(a).  The corrected sentence as to Counts One, Two, and Three included 121 months imprisonment to run concurrently, to reflect the miscalculation on the sentencing guidelines score sheet.

Petitioner did not file a direct appeal.  Petitioner filed this §2255 motion on December 16, 2006, based solely on the following ground:

Counsel was ineffective for failing to investigate and present in his defense the claim of selective enforcement and prosecution.

For the reasons set forth below, the Court finds that Petitioner is not entitled to relief.

## DISCUSSION

I.  **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996.  The law amended 28 U.S.C. § § §2255 by adding a one year statute of limitation to motions made under that section.  "The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental

action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § § §2255.

Petitioner claims that the applicable date for the commencement of the one year limitation period should be determined by 28 U.S.C. § § §2255(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," due to the discovery of new facts to support his claim of selective prosecution. Petitioner did not demonstrate any attempt to exercise due diligence. See Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). On the contrary, he states that another inmate, Handy Bailey, provided him with his "new" evidence after Bailey's search through the Public Records from the Clearwater Police Department. Petitioner makes no other claims for alternative timing calculations. The timeliness of Petitioner's motion, therefore, is calculated from the date on which his judgment became final. The appeal period with respect to Petitioner ran March 8, 2004, ten days after his judgment was entered. See Mederos v. United States, 218 F. 3d 1252, 1253 (11th Cir. 2000) (citing Fed. R. App. P. 4(b)(1)). The one year limitation period in which Petitioner could file a §2255 motion, in turn, expired on

February 26, 2005.  Id.  Petitioner filed his motion on December 16, 2007.  The motion, therefore, is clearly untimely.

Had the motion been timely filed, it would still fail for the reason set forth below.

II. **Ineffective Assistance of Counsel for Failure to Present a Selective Prosecution Claim**

Counsel is presumed to be competent to assist a defendant.  United State v. Cronic, 466 US 648, 658 (1984).  The burden, therefore, is on the accused to show that counsel was ineffective.  Id.  In order to do so, Petitioner must prove that his counsel was deficient, which requires a showing that counsel's performance was unreasonable under current professional norms.  Strickland v. Washington, 466 US 668, 688 (1984).  Petitioner must also prove that the deficiency prejudiced the defense, which requires a showing that there is a reasonable probability that but for counsel's errors, the sentencing judgment would have been different.  Id. at 694.

The Eleventh Circuit has reaffirmed the Supreme Court's opinion that effective assistance needs simply to be within the "wide range of reasonable professional assistance." Felker v. Thomas, 52 F.3d 907, 912 (11th Cir. 1995) (quoting Strickland at 689). That range of reasonable professional assistance clearly includes room for different strategies, no one of which is "correct" to the exclusion of all others.  Id.  The Court may dispose of ineffectiveness claims on either Strickland prong.  Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998).

Prosecutors have broad discretion in deciding whether or not to prosecute in any particular instance.  United States v. Armstrong, 517 US 456 (1996).  Overcoming the

presumption that prosecutors have acted properly requires clear evidence. Id.; United States v. Smith, 231 F.3d 800, 809. A defendant must demonstrate that the "federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Armstrong at 465 (citing Wayte v. United States, 470 US 598, 608 (1985)). In order to establish a discriminatory effect, the defendant must show that similarly situated individuals of a different class (in this case, a different racial class) were not prosecuted. Id. at 465; Smith at 809.

Petitioner failed to demonstrate that his counsel was deficient. He did not offer any evidence that his counsel knew or should have known of the alleged discrepancies in federal drug prosecutions based on race. Furthermore, Petitioner failed to provide any evidence that would suggest that those discrepancies were motivated by a discriminatory purpose. The court in Cannon v. United States, No. 8:06 Civ. 311 (D. Fla. filed Dec. 30, 2007), made an inquiry into the cases cited by Petitioner in his motion.[1] That court found the defendants in those referenced cases were not similarly situated to the defendant. The Court observed that those people charged in state court were charged with very small amounts of cocaine, weighing less than one gram in every case. Here, the amount of cocaine involved was over 5 grams of cocaine, significantly more than the amount involved in the state cases. The court concludes that those charged in state court were not similarly situated to Petitioner.

---

[1] The Court in Cannon notes that many of the records presented by the defendant were illegible. This Court refers only to those records that were legible.

Given the limited evidence of racial disparity and the lack of evidence of discriminatory motivation, Counsel's actions did not fall below the standard of objective reasonableness for failing to pursue a weak, if not meritless, claim of selective prosecution.

Finally, Petitioner adopts the arguments in <u>Scott v. United States</u>, 2007 WL 1345697 (11th Cir. May 9, 2007) and for his information, the Eleventh Circuit Court rejected those arguments.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's "Motion Seeking Liberal Construction Pursuant to <u>Haines v. Kerner</u>, 404 US 519 (1972) in Order to Comply with the Court's Order of November 20, 2006 Instructing Petitioner to File Amended §2255" (Dkt. #47) is DISMISSED.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2003\03-cr-73.deny 2255.wpd